# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VELASCO,<br><br>                    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>                    Defendants. | Case No. 22-cv-366-MMA (DEB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Doc. No. 11] |

On February 2, 2022, Plaintiff Francisco Velasco ("Plaintiff") filed a complaint against Defendant Ford Motor Company ("Defendant FMC") in the Superior Court of California, County of San Diego. Doc. No. 1-3 at 3.[1] On, March 18, 2022, Defendant FMC removed the action to this Court. Doc. No. 1. Plaintiff amended his complaint to add Defendant RP Automotive, Inc. ("Defendant RP"). Doc. No. 8 ("FAC"). Plaintiff now moves to remand the case back to state court. Doc. No. 11. Defendant FMC filed an opposition, to which Plaintiff replied. Doc. Nos. 17, 18. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 19. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand.

---

[1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

## I. BACKGROUND

Plaintiff alleges six causes of action. FAC ¶ 19–47. Plaintiff alleges five claims against Defendant FMC for violations of California's Song-Beverly Consumer Warranty Act and one claim against Defendant RP for negligent repair. *Id*. Plaintiff alleges that he is "a resident of the County of San Diego, State of California" and that Defendant RP "is a corporation organized and in existence under the laws of the State of California . . . [that] does business in the city of La Mesa, County of San Diego, California." *Id.* ¶ 2, 4.

Plaintiff alleges he "purchased a 2015 Ford F-150 ("Vehicle") manufactured and/or distributed by Defendant FMC" on or about December 26, 2019. *Id.* ¶ 6. Plaintiff further alleges Defendant FMC was provided sufficient opportunity to service or repair the Vehicle's defects and was unable to or failed to do so within a reasonable number of attempts. *Id.* ¶ 14–15. Additionally, Plaintiff alleges the Vehicle was delivered to Defendant RP who "fail[ed] to properly store, prepare, diagnose, and/or repair the Vehicle in accordance with industry standards." *Id.* ¶ 43–44.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id*. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). The party seeking federal jurisdiction bears the burden of establishing jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S 178, 182–83 (1936)).

**A.   Removal Jurisdiction**

28 U.S.C. § 1441(a) provides for removal of a civil action from state to federal court if the case could have originated in federal court. The removal statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

(9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  If, after proper removal, subject matter jurisdiction is destroyed, a plaintiff may file a motion to remand or the court may raise the jurisdictional issue sua sponte.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Sabag v. FCA US, LLC*, No. 216CV06639CASRAOX, 2016 WL 6581154, at *7 (C.D. Cal. Nov. 7, 2016).

**B.     Post-Removal Joinder of a Non-Diverse Defendant**

Under Rule 15, a party may amend a pleading once within twenty-one days after service of a responsive pleading without leave of the court.  Fed. R. Civ. P. 15(a)(1)(B).  The majority of district courts in the Ninth Circuit "have scrutinized the plaintiff's purposes for amendment under section 1447(e)."  *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014); *see, e.g.*, 16 Moore's Federal Practice - Civil § 107.151 (2022) (collecting cases); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 n.2 (C.D. Cal. 2002); *Martinez v. FCA US LLC*, No. 2:19-cv-08097-SVW-E, 2020 U.S. Dist. LEXIS 7131, at *4 (C.D. Cal. Jan. 15, 2020); *Dooley v. Grancare, LLC*, No. C 15-3038 SBA, 2015 WL 6746447, at *2 (N.D. Cal. Nov. 5, 2015); *Viveros v. Ford Motor Co.*, No. 21-CV-527 TWR (BGS), 2021 WL 5989365, at *3 (S.D. Cal. July 28, 2021).  The Court "construe[s] the motion to remand as a request for leave to join an additional defendant whose joinder would destroy subject matter jurisdiction, and to remand the action to the State court under 28 U.S.C. § 1447(e)."  *Viveros*, 2021 WL 5989365, at *3 (quoting *Doyle v. Gen. Motors LLC*, No. CV 19-10781-CJC, 2020 WL 915887, at *1 (C.D. Cal. Feb. 25, 2020) (additional citation omitted)).  *But see McGrath*, 298 F.R.D. at 606 (discussing the minority approach, which assesses diversity-destroying amendments under the more liberal standard afforded under Federal Rule of Civil Procedure 15); *Edmond v. Kindred Healthcare Operating Inc.*, No. CV 16-6746 PSG (AFMx), 2016 U.S. Dist. LEXIS 170896, at *5 (C.D. Cal. Dec. 8, 2016) (discussing the same).

"The language of 1447(e) is couched in permissive terms and clearly grants the court discretion to deny joinder."  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th

Cir. 1998). Courts generally consider the following factors when ruling on a motion under § 1447(e):

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citations omitted). "Any of these factors might prove decisive, and none is an absolutely necessary condition for joinder." *Reyes v. FCA US LLC*, No. 120CV00833DADSKO, 2020 WL 7224286, at *4 (E.D. Cal. Dec. 8, 2020) (quoting *Cruz v. Bank of N.Y. Mellon*, No. 5:12-cv-00846-LHK, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012)).

### III. DISCUSSION

The Court considers whether to permit joinder of Defendant RP by assessing each of the factors noted above.

**A.  Whether Defendant RP Is a Necessary Party**

Pursuant to 1447(e), a party is necessary for just adjudication "'when failure to join will lead to separate and redundant actions,' but not when the non-diverse defendants 'are only tangentially related to the cause of action or would not prevent complete relief.'" *Reyes*, 2020 WL 7224286, at *4 (quoting *IBC Aviation Servs.*, 125 F. Supp. 2d at 1011–12). Notably, "[a]lthough courts consider the standard set forth in Rule 19 in determining whether to permit joinder under Section 1447(e), 'amendment under [Section] 1447(e) is a less restrictive standard than for joinder under Rule 19.'" *Id.* (citing *Avellanet v. FCA US LLC*, No. 19-cv-7621-JFW-KSX, 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019)).

Plaintiff's claim against Defendant RP involves the same Vehicle, the same alleged defects in the Vehicle, and at least some of the same unsuccessful attempts to repair the Vehicle. *See* FAC ¶ 42–47. Where a negligent repair claim involves the same Vehicle, defects, and repair attempts as the warranty claims against the manufacturer, district courts have held that joinder is appropriate. *Viveros*, 2021 WL 5989365, at *4 (collecting cases). Accordingly, this factor weighs in favor of joinder.

**B.     Whether a Separate Action Against Defendant RP Would Be Time-Barred**

"Under California law, the statute of limitations for a negligent repair claim is three years." *McAdams v. Ford Motor Co.*, No. 18-CV-07485-LHK, 2019 WL 2378397, at *5 (N.D. Cal. June 5, 2019). Plaintiff first presented the Vehicle to Defendant RP on March, 29, 2022. Doc. No. 18 at 4. Thus, a new action would not be time-barred in state court. This factor therefore weighs against joinder.

**C.     Whether There Has Been Unexplained Delay**

"When determining whether to allow amendment to add a non-diverse party, 'courts consider whether the amendment was attempted in a timely fashion.'" *Avellanet*, 2019 WL 5448199, at *3 (quoting *Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-CV-04987-BLF, 2017 WL 403495, at *3 (N.D. Cal. Jan. 31, 2017)). "In particular, courts consider the length of time that passed between plaintiff filing the original complaint and the amended complaint, and whether dispositive motions have been filed." *Reyes*, 2020 WL 7224286, at *5 (collecting cases). Courts also consider the length of time that passed between the date of removal and the amended complaint. *See, e.g.*, *Boon*, 229 F. Supp. 2d at 1023. Further, courts consider the plaintiff's reason for not joining the non-diverse party initially. *Keledjian v. Jabil Cir., Inc.*, No. 17CV0332-MMA (JLB), 2017 WL 3437652, at *4–5 (S.D. Cal. Aug. 10, 2017) (citing *Wolff-Bolton v. Manor Care-Tice Valley CA, LLC*, No. 17-CV-02405-JSC, 2017 WL 2887857, at *5 (N.D. Cal. July 7, 2017)).

Plaintiff filed the Amended Complaint forty-nine days after the initial Complaint and twelve days after Defendant FMC removed the action. Additionally, no dispositive

motions had been filed when Plaintiff filed the Amended Complaint. District courts have consistently found amendment timely in similar timeframes and even in cases where six months had elapsed between removal and motion for leave to amend. *Viveros*, 2021 WL 5989365, at *5 (collecting cases).

Plaintiff states the Vehicle was first presented to Defendant RP on March 29, 2022, forty-eight days after the original Complaint was filed in state court. *See* Doc. No. 18 at 4. Therefore, Plaintiff could not have made a claim against Defendant RP at the time of the original Complaint. *See id.* Accordingly, this factor weighs in favor of joinder.

### D. Whether Plaintiff Solely Intends to Defeat Federal Jurisdiction

"The Ninth Circuit has instructed that, because 'motive in seeking joinder' is a relevant factor in determining whether amendment is appropriate, 'a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction.'" *San Jose Neurospine v. Cigna Health & Life Ins. Co.*, No. 16-CV-05061-LHK, 2016 WL 7242139, at *10 (N.D. Cal. Dec. 15, 2016) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). "[C]ourts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint." *Adams v. BMW of N. Am., LLC*, No. 17CV0068-MMA (KSC), 2017 WL 3822014, at *5 (S.D. Cal. Sept. 1, 2017) (quoting *San Jose Neurospine*, 2016 WL 7242139, at *10) (citation omitted)). However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012.

Defendant FMC argues "but for the threadbare negligence claims against [Defendant] RP, the [Amended Complaint] is virtually identical to the original Complaint." Doc. No. 17 at 6. Defendant further argues the lack of factual information regarding Defendant RP's conduct demonstrates Plaintiff's intent to defeat federal jurisdiction. *Id.* at 7. The minor alterations to the original complaint and lack of factual

allegations regarding Defendant RP's conduct do appear to suggest an intent to defeat federal jurisdiction. *See Viveros*, 2021 WL 5989365, at *6. Further, the Court notes Plaintiff alleges the Vehicle was delivered to Defendant RP on March 29, 2022, one day before the Amended Complaint was filed. While timely, this also appears indicative of Plaintiff's intent to divest this Court of jurisdiction. Accordingly, the Court concludes this factor weighs against joinder.

### E.   Whether Plaintiff's Negligence Claim Appears Valid

In considering this factor, courts "'need only determine whether the claim seems valid,' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *See Meggs v. NBC Universal Media, LLC*, No. 217CV03769ODWRAOX, 2017 WL 2974916, at *8 (C.D. Cal. July 12, 2017) (quoting *Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 14-cv-01994-JAM, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015)). "Courts have permitted joinder even where the plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant." *Viveros*, 2021 WL 5989365, at *6 (quoting *Reyes*, 2020 WL 7224286, at *6).

First, Defendant FMC argues Plaintiff's negligent repair claim against Defendant RP is barred by California's economic loss rule. Doc. No. 17 at 7–8. Under the economic loss rule, a plaintiff may not recover purely economic damages for tort claims. *Jimenez v. Superior Court*, 58 P.3d 450, 455–56 (Cal. 2002). However, the component exception recognizes that "the economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former has been incorporated." *Id.* at 457. Multiple district courts, including this Court, have recognized the potential applicability of the component exception in cases involving negligent repair claims against parties sought to be joined in breach of warranty cases against manufacturers. *See Diiullo v. FCA US LLC*, No. 20-CV-382-MMA (BLM), 2020 WL 1921927, at *3 (S.D. Cal. Apr. 21, 2020) (collecting cases); *Viveros*, 2021 WL 5989365, at *8.

Plaintiff alleges defects in the Vehicle's engine and electrical system. FAC ¶ 12. Plaintiff further asserts those "defects have substantially impaired the safety, use, and/or value of the Vehicle." *Id.* ¶ 16. Given these allegations, the Court finds the component exception facially applicable in this matter. Defendant FMC provides no reason why the component exception should not apply here. As such, the Court finds Defendant FMC has not sufficiently shown the economic loss rule bars Plaintiff's negligent repair claim.

Second, Defendant FMC argues Plaintiff failed to state a claim for negligent repair against Defendant RP. Doc. No. 17 at 8–9. However, "[u]nder the § 1447(e) analysis, courts consider whether the claims against the new party sought to be added seem meritorious, and so long as the claims are at least potentially valid, the factor weighs in favor of joinder." *Avellanet*, 2019 WL 5448199, at *3 (quoting *Jackson v. Dollar Tree Distribution, Inc.*, 2018 WL 2355983, at *5 (C.D. Cal. May 23, 2018)). Whether a claim seems valid "is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Sabag*, 2016 WL 6581154, at *6 (citing *Freeman*, 2015 WL 2006183, at *3). "To state a claim for negligent repair, a plaintiff need only establish the elements of a standard negligence claim: duty, breach, causation, and damages." *Dordoni v. FCA US LLC*, No. EDCV201475JGBSHKX, 2020 WL 6082132, at *5 (C.D. Cal. Oct. 15, 2020) (citation omitted) (holding a plaintiff's recitation of the elements of negligence was sufficient for the purposes of 1447(e) analysis). Here, Plaintiff alleged each of the above elements and has, therefore, stated a potentially valid claim. Thus, this factor weighs in favor of joinder.

### F.  Potential Prejudice

A plaintiff suffers prejudice by denial of joinder when the "plaintiff would be required to pursue two substantially similar lawsuits in two different forums or abandon a viable claim against the proposed joined defendant." *Malijen v. Ford Motor Co.*, No. EDCV201217JGBKKX, 2020 WL 5934298, at *5 (C.D. Cal. Aug. 20, 2020) (citing *Sabag*, 2016 WL 6581154, at *6; *Lara v. Bandit Indus., Inc.*, No. 2:12–cv–02459–MCE–AC, 2013 WL 1155523, at *5 (E.D. Cal. Mar. 19, 2013)). District courts recognize

potential prejudice arising from denial of joinder where plaintiffs in vehicle warranty actions seek to join defendants for negligent repair. *See, e.g.*, *Malijen*, 2020 WL 5934298, at *5; *Dordoni*, 2020 WL 6082132, at *5; *Viveros*, 2021 WL 5989365, at *9. By contrast, joinder of a non-diverse party may result in prejudice to the defendant when the parties have already participated in an Early Neutral Evaluation and a Case Management Conference, submitted a joint discovery plan, and received a Scheduling Order. *See Adams*, 2017 WL 3822014, at *6.

As described above, Plaintiff's claim against Defendant RP involves the same Vehicle, the same alleged defects in the Vehicle, and at least some of the same unsuccessful attempts to repair the Vehicle. *See* FAC ¶ 42–47. As such, denial of joinder would prejudice Plaintiff because he would be required to pursue substantially similar lawsuits in separate forums or abandon a viable claim against Defendant RP. Additionally, the potential for similar lawsuits in separate forums "violate[s] principles of judicial economy" and "risk[s] inconsistent or conflicting verdicts." *Viveros*, 2021 WL 5989365, at *9 (citations omitted). Moreover, the Court notes that the parties have not participated in an Early Neutral Evaluation or a Case Management Conference, or received a Scheduling Order. Thus, joinder will not sufficiently prejudice Defendant FMC for this factor to weigh against joinder. Overall, this factor weighs in favor of joinder.

## IV. C<span style="font-variant:small-caps">onclusion</span>

On balance, the Court concludes that the factors weigh in favor of permitting joinder pursuant to § 1447(e). Because joinder of Defendant RP divests the Court of diversity jurisdiction, the Court **GRANTS** Plaintiff's motion and **REMANDS** this action to the Superior Court of California, County of San Diego.[2] The Court **DIRECTS** the

---

[2] Because Defendant FMC has failed to establish complete diversity, the Court need not address the amount-in-controversy requirement.

Clerk of Court to close the case and to terminate all pending motions, deadlines, and hearings.

**IT IS SO ORDERED**.

Dated: June 24, 2022

HON. MICHAEL M. ANELLO
United States District Judge